IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TRAYSON WOODEN | § | |
| v. | § | CIVIL ACTION NO. 6:17cv68 |
| RONALD GRANT, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Trayson Wooden, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Wooden named TDCJ-CID officers Ronald Grant, Bryan Bliesch, and John Freshour.

Wooden complained of an incident in which Officer Grant allegedly squirted him in the face a number of times with a liquid which Wooden described as urine squeezed from a modified water bottle. Wooden claimed this incident caused significant and long-lasting injuries. He contended that Officer Bliesch witnessed the assault and did nothing, while Lt. Freshour assigned Grant and Bliesch to the wing despite knowing that Wooden had recently assaulted Officer Grant and was therefore likely to suffer retaliation.

Lt. Freshour and Officer Grant filed motions for summary judgment, and Officer Bliesch filed a motion to dismiss. Wooden filed responses to these motions. After review of the pleadings, the Magistrate Judge issued a Report recommending that the motions for summary judgment and to dismiss be granted and the lawsuit dismissed with prejudice. The Magistrate Judge observed that

1

Wooden's medical records were wholly inconsistent with his claims and that in the ten weeks following the incident, Wooden filed ten sick call requests, but none of these made any mention of being sprayed with an unknown liquid or of any ill effects from being sprayed. During that ten-week period, Wooden saw medical personnel five times, but again made no mention of being sprayed with an unknown liquid or of any ill effects from such an event. The Magistrate Judge also concluded that Wooden's claim of what he called "supplemental official punishment" lacked merit, Wooden did not exhaust his administrative remedies with regard to Lt. Freshour, and all of the Defendants were entitled to qualified and Eleventh Amendment immunity.

Wooden received a copy of the Magistrate Judge's Report on January 8, 2018, and filed a motion for extension of time in which to object. This motion was granted and Wooden was given until February 28, 2018, in which to file objections. This deadline has passed and no objections have been received; accordingly, Wooden is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).[1]

---

[1] After receiving the Report, on February 5, 2018, Wooden filed a document which he styled as a "notice of invoice." This purported notice did not mention the Report of the Magistrate Judge or discuss any of the proposed findings or conclusions; instead, it stated that the signatures of Grant and Bliesch, as well as the signatures of the Magistrate Judge and individuals named Vernon Mitchell, Jeffrey Richardson, Rhonda Smith, Brandon Stotts, William Brown, Leigh Harding, G.H. of the Office of the Inspector General, and Brennan Shay, have been "accepted for value ... under UCC 3-419 and contract law jointly and severally for punitive damages of $50,000 and compensatory damages of $200,000." Wooden states that "as a courtesy, all joint payments are waived unless a joint payment of $250,000 is paid to the order of the above plaintiff within three days of receipt of this notice."

Because Wooden's document does not mention the Report of the Magistrate or any proposed findings or conclusions, it cannot be construed as objections to this Report. *Garcia-Santos v. United States*, 2016 WL 4400054 (E.D.Tex., August 17, 2016). The purported notice sets out no cognizable legal theories and lacks any legal significance or effect. *Cobble v. U.S.*, civil action no. 09-379C, 2009 WL 2610532 (Fed. Cl., August 24, 2009); *Turnbough v. Thaler*, civil action no. 6:11cv336, 2011 WL 4592379 (E.D. Tex., August 13, 2011), *Report adopted at* 2011 WL 4592361 (E.D. Tex., September 30, 2011) ("conditional acceptance for value" was document of prisoner's own creation and had no legal effect).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 63) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the motions for summary judgment by the Defendants Officer Grant (docket no. 43) and Lt. Freshour (docket no. 29), and the motion to dismiss by Officer Bliesch (docket no. 33) are **GRANTED**. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **7** day of **March, 2018.**

_____
Ron Clark, United States District Judge